UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 09-MC-21020-HUCK-O'SULLIVAN

In The Matter Of Arbitration Between

SMITH BARNEY, a division of
CITIGROUP GLOBAL MARKETS, INC.

    Petitioner,

- and -

ALEXIS BRUNET,

    Respondent.

_____/

## DECLARATION OF ALEXIS BRUNET

I, ALEXIS BRUNET, pursuant to 28 U.S.C. § 1746, declare and state:

1.     I am over eighteen years of age, am of sound mind, and am competent to make this Declaration. This Declaration is based upon my personal knowledge and submitted in support of my opposition to Smith Barney's Petition to Compel Arbitration.

2.     I am employed by Pinnacle Capital Ltd. ("Pinnacle"). Pinnacle is a company that manages investments on behalf of its clients.

3.     Pinnacle has managed investments for MHG Holding, Inc. ("MHG"). It no longer does so today.

4.     In or about 2003, MHG opened an account with Smith Barney in the name and for the benefit of MHG. At the time, Smith Barney requested and received copies of passports of the beneficial owners of that account. I did not open that account in my name or for my benefit.

5.     At the time I received authorization from MHG to open the MHG/Smith Barney account, I never believed or understood that Smith Barney would seek to hold me personally

607980v1

**EXHIBIT 1**

responsible for any alleged shortfalls or debts in the MHG/Smith Barney account. Smith Barney never communicated that to me, either orally or in writing, that they intended to do so if the situation arose. If Smith Barney had advised me that it would ever take such a position, I would not have acted on behalf of MHG to open the account.

6. By opening the account at Smith Barney on MHG's behalf, I never believed or understood that I was waiving my right to a jury trial and instead agreeing to arbitrate any disputes that could arise between me personally and Smith Barney. Smith Barney never communicated that to me, either orally or in writing.

7. The transaction that Smith Barney contends created a shortfall in the account relates to a position in certain foreign notes held by MHG in the Smith Barney account. That position was not held by me individually. Until the dispute arose between MHG and Smith Barney over those foreign notes, Smith Barney (a) never claimed I was personally responsible for any trades in the MHG/Smith Barney account and (b) never claimed I had waived my right to a jury trial and instead agreed to arbitrate all disputes that Smith Barney had with me personally.

8. I have never claimed to be, nor have I ever been, a beneficial owner of the Smith Barney account, in MHG or in MHG Trust, the entity that was the sole shareholder of MHG.

9. At no time before, during or since Pinnacle managed investments for MHG, was I a beneficiary, grantor or settlor of the MHG Trust.

10. Further, I have never directly received any payments from MHG for any investment management services. All investment management fees ever paid by MHG have been paid directly to Pinnacle.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON: May 11, 2009

By: _____
ALEXIS BRUNET