IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-MC-21020-HUCK-O'SULLIVAN

In The Matter Of Arbitration Between

SMITH BARNEY, a division of
CITIGROUP GLOBAL MARKETS, INC.,

    Petitioner,

-and-

ALEXIS BRUNET,

    Respondent.

**CORRECTED NOTICE OF MODIFICATION OF
GROUNDS FOR PETITION TO COMPEL ARBITRATION**

Petitioner Smith Barney, a division of Citigroup Global Markets, Inc. ("Smith Barney"), respectfully notifies the Court of its withdrawal of Exhibit A to its Reply in Support of Petition to Compel Arbitration (the "Reply") [D.E. No. 7], and accordingly, modifies the grounds for said Petition to Compel Arbitration [D.E. No. 1] (the "Petition").[1]

On April 9, 2009, Smith Barney filed its Petition. On May 12, 2009, Respondent filed his opposition to the Petition [D.E. No. 5], in which he denied any beneficial interest in the account at issue (the "Account"). On May 22, 2009, Smith Barney filed its Reply, in which Smith Barney set forth various arguments rebutting Respondent's assertions that he was not a beneficial owner of the Account. As partial support for its contention that Respondent was a beneficial owner of the Account, Smith Barney attached to the Reply a Client Representation form ("Exhibit A"), which clearly listed Alexis Brunet as a beneficial owner of the Account.[2]

---

[1] The original Notice of Modification of Grounds for Petition to Compel Arbitration identified Exhibit A as an exhibit to Smith Barney's Petition, when in fact, Exhibit A was attached to the Reply.

[2] As further support for its contention that Respondent was a beneficial owner of the Account, Smith Barney pointed out that Respondent submitted his own passport in connection with the opening of the Account and that the Account,

Despite the clear prohibition of filing a response to a reply without leave of Court[3], on May 26, 2009, Respondent filed an affidavit (the "Affidavit") [D.E. No. 8], wherein he attempts to rebut, and in doing so, makes very serious allegations regarding the authenticity of Exhibit A.

Exhibit A is an authentic document kept in the ordinary course of Petitioner's business. It is not, as Respondent asserts, a "forgery." Regardless of its authenticity, however, it was submitted as support for a point that, while compelling, is not dispositive with respect to the central arguments contained in the Petition, i.e., that Respondent, as an admitted agent of MHG, is bound by the arbitration provisions contained in the Client Agreement and that he is estopped to avoid arbitration as one who benefited from the Client Agreement.

---

while titled in the name of MHG, was essentially set up as a joint account with right of survivorship between Respondent and his wife. Exhibit A does not speak to these arguments.

[3] Pursuant to Local Rule 7.1(C) of the United States District Court for the Southern District of Florida, parties opposing a motion may serve an opposing memorandum of law. The movant may, after service of the opposing memorandum of law, serve a reply memorandum in support of the motion. No further or additional memoranda of law shall be filed without prior leave of Court.

958814-1                                                            2

The benefit of arbitration is that it is a more expedient and less costly form of dispute resolution. It would be antithetical to this goal to spend time, money, and judicial resources resolving the issues raised in Respondent's Affidavit when Exhibit A, while supportive of the Petition, does not speak directly to its dispositive arguments. With this in mind, Smith Barney submits that debating the authenticity of Exhibit A will result in unnecessary and undue delay with respect to the Court's resolution of the central issues, and accordingly, withdraws Exhibit A to the Reply and any arguments based upon it.

Dated: June 4, 2009
      Fort Lauderdale, Florida

Respectfully submitted,

/s/Coren H. Stern
Coren H. Stern (Florida Bar No. 0644218)
cstern@bressler.com
Bressler, Amery & Ross, P.C.
2801 S.W. 149th Ave., Suite 300
Miramar, FL 33027
Telephone: 954-499-7979
Facsimile: 954-499-7969

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing *Corrected Notice of Modification of Grounds for Petition to Compel Arbitration* to be served this 4th day of June, 2009 to Humberto Ocariz, Shook, Hardy & Bacon, 2400 Miami Center, 201 S. Biscayne Blvd., Miami, Florida 33131-4332 via the Court's CM/ECF system.

/s/Coren H. Stern
Coren H. Stern